**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MELINDA MCALLISTER,**                                                       **PLAINTIFF**
on behalf of herself and all others
similarly situated,

v.                                                               **Civil Action No:** 1:22cv41-SA-DAS

**LAKE CITY CREDIT, LLC**                                          **DEFENDANT**

**CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED**

### I. INTRODUCTION

1. This action is brought by Plaintiff MELINDA MCALLISTER, on behalf of herself and all others similarly situated, for statutory damages against Defendant Lake City Credit, LLC for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper in this district as all relevant events took place here.

### III. PARTIES

4. Plaintiff, MELINDA MCALLISTER is an individual who resides in Hamilton, Monroe County, Mississippi and is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Lake City Credit, LLC is a corporation and collection agency located in Lake Dallas, Texas. It may be served with process through its registered agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison

Mississippi, 39110.

6. Defendant is engaged in the collection of debts from Mississippi consumers using the mail and telephone.

7. Defendant regularly attempts to collect consumer debts alleged to be due by consumers in of the State of Mississippi.

8. Defendant was and is a "debt collector" as defined by §803(6) the FDCPA, 15 U.S.C. §1692a(6).

IV. **FACTUAL ALLEGATIONS**

9. Plaintiff allegedly owed Fingerhut an outstanding balance on an account that was supposedly active from 2008 through 2015.

10. Plaintiff disputed owing such balance as she never opened said account with Fingerhut.

11. The alleged outstanding amount owed by Plaintiff is hereafter referred to as "the Debt"

12. The alleged Debt was incurred for personal, family, or household purposes.

13. Defendant obtained the Debt of Plaintiff and others similarly situated by purchase or assignment from Fingerhut.

14. By correspondence dated November 29, 2021, Defendant arranged for the preparation and transmittal of a letters to Plaintiff, Ms. McAllister at her residence in an attempt to collect their Fingerhut account Debt. Defendant writes and sends such letters to others similarly situated as Plaintiff in it's debt collection process. Defendant's November 29, 2021, and December 28, 2021 letters to Ms. McAllister is attached hereto as Exhibit A.

V. **DEFENDANT'S POLICES AND PRACTICES**.

15. Defendant regularly mails a series of letters, including letters identical or similar

to Exhibit "A", to consumers who allegedly owe said debts. In addition to sending collection letters, Defendant employs collectors who regularly contact consumers by phone to collect debts.

16. Defendant sends collections letters to consumers.

17. Exhibit A is a form letter of the same or similar letters that Defendant uses as its written communication and regularly sends similar defective letters, and deficiencies under the FDCPA to consumers and others similarly situated as Plaintiff to solicit payment.

18. It is the standard policy and practice of Defendant to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

19. To prevent the debt collector from assuming a debt is valid, the FDCPA only requires the consumer to dispute the debt - orally in writing. 15 U.S.C. §1692g(a)(3). However, Defendant's use of its aforesaid form letters, represented here by Exhibit A, eliminates the consumer's statutory right to dispute the debt orally or in writing. *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

20. §1692g regulates the actual communication between the debt collector and the debtor. It states that within five days after the initial conversation between the debt collector and the debtor, the debt collector must send the consumer/debtor a written notice which contains:

   A) the amount of the debt;

   B) the creditor to whom the debt is owed;

   C) a statement that unless the consumer disputes the validity of the debt within 30 days, the debt will be assumed to be assumed valid by the debt collector;

   D) a further statement that if the consumer/debtor disputes the debts within

        the 30 day time period, the debt collector will obtain verification of the debt or judgement and a copy of that verification or judgement will be mailed to the consumer/debtor by the debt collector; and

    E)    a statement that upon the consumers written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. In the case at bar Defendant failed to send such notice to Plaintiff and others similarly situated as aforesaid in letters mailed to consumer debtors.

## VI.   CLASS ALLEGATIONS

21.    This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of Mississippi (ii) who were sent a letter from Defendant in the form of <u>Exhibit A</u> or similar thereto with Notice violations under the FDCPA as alleged herein to recover a debt allegedly owed which was not returned undeliverable by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through 21 days after the filing of this Class Action Complaint.

22.    The class is so numerous that joinder of all members is impractical.

23.    There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA by failing to send to Plaintiff and others similarly situated a letter or notice which failed to contain:

    A)    the amount of the debt;

    B)    the creditor to whom the debt is owed;

    C)    a statement that unless the consumer disputes the validity of the debt within 30 days, the debt will be assumed to be valid by the debt collector;

    D)    a further statement that if the consumer/debtor disputes the debts within

        the 30 day time period, the debt collector will obtain verification of the debt or judgement and a copy of that verification or judgement will be mailed to the consumer/debtor by the debt collector; and

    E)    a statement that upon the consumers written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. In the case at bar Defendant failed to send such notice to Plaintiff and others similarly situated.

24. There are no individual questions, other than whether a class member was sent a letter in the form of <u>Exhibit A</u>, or similar thereto with the Notice violations under the FDCPA, which can be determined by ministerial inspection of Defendant's records.

25. Plaintiff will fairly and adequately protect the interests of the class.

26. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

27. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendant's letter in the form of <u>Exhibit A</u> violates the FDCPA, 15 U.S.C. §1692 *et seq.*

28. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of

these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

### VII. COUNT ONE - FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

31. Defendant's violations of the FDCPA include, but are not limited to failure in it's attempt to collect a debt, to send to Plaintiff and others similarly situated a notice which contains:

    A) the amount of the debt;

    B) the creditor to whom the debt is owed;

    C) a statement that unless the consumer disputes the validity of the debt within 30 days, the debt will be assumed to be valid by the debt collector;

    D) a further statement that if the consumer/debtor disputes the debts within the 30 day time period, the debt collector will obtain verification of the debt or judgement and a copy of that verification or judgement will be mailed to the consumer/debtor by the debt collector; and

    E) a statement that upon the consumers written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. In the case at bar Defendant failed to send such notice to Plaintiff and others similarly situated.

32. As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to an award of statutory damages, costs, and reasonable attorney fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Melinda McAllister, requests that judgment be entered in their favor and in favor of the class against Defendant Lake City Credit, LLC for:

A. Certification of this matter as a class action;

B. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3);

D. For an order requiring Defendant to disgorge itself of any and all funds received from Plaintiff and class members who received said letters; and

I. For such other relief as the Court may find to be just and proper.

J. Plaintiff herein demand a trial by jury.

Respectfully submitted,

*W. Howard Gunn* (signature)

W. HOWARD GUNN
ATTORNEY FOR PLAINTIFF

W. HOWARD GUNN
ATTORNEY AT LAW
310 SOUTH HICKORY STREET
POST OFFICE BOX 157
ABERDEEN MS 39730
662/369-8533
MSB NO. 5073
whgunn@bellsouth.net