**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MELINDA MCALLISTER,**                                                 **PLAINTIFF**
**on Behalf of herself, and Others Similarly Situated**

**v.**                                                      **CAUSE NO.: 1:22-cv-41-SA-DAS**

**LAKE CITY CREDIT, LLC**                                         **DEFENDANT**

---

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

---

**I.**

Plaintiff, Melinda McAllister, respectfully requests that this Court enter an Order, pursuant to Rule 23 of the Federal Rules of Civil procedure, that the Complaint filed herein by Plaintiff may proceed against Defendant, Lake City Credit, LLC, as a class action.

**II.**

The Complaint, Paragraph IV and V alleges that:

1. Plaintiff allegedly owed Fingerhut an outstanding balance on an account.

2. The alleged outstanding amount owed by Plaintiff is hereafter referred to as "the Debt"

3. The alleged Debt was incurred for personal, family, or household purposes.

4. Defendant obtained the Debt of Plaintiff from Fingerhut and others similarly situated by purchase or assignment from creditors of various debts.

5. By correspondence dated November 29, 2021, Defendant arranged for the preparation and transmittal of a letters to Plaintiff, Ms. McAllister at her residence in an attempt to collect their Fingerhut account Debt. Defendant writes and sends such letters to others similarly situated as Plaintiff in it's debt collection process. Defendant's November 29, 2021, and December 28, 2021 letters to Ms. McAllister is attached hereto as Exhibit A.

1

6. Defendant regularly mails a series of letters, including letters identical or similar to Exhibit "A", to consumers who allegedly owe said debts. In addition to sending collection letters, Defendant employs collectors who regularly contact consumers by phone to collect debts.

7. Defendant sends collections letters to consumers.

8. Exhibit A is a form letter of the same or similar letters that Defendant uses as its written communication and regularly sends similar defective letters, and deficiencies under the FDCPA to consumers and others similarly situated as Plaintiff to solicit payment.

9. It is the standard policy and practice of Defendant to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

10. To prevent the debt collector from assuming a debt is valid, the FDCPA only requires the consumer to dispute the debt - orally or in writing. 15 U.S.C. §1692g(a)(3). However, Defendant's use of its aforesaid form letters, represented here by Exhibit A, eliminates the consumer's statutory right to dispute the debt orally or in writing. *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

11. §1692g regulates the actual communication between the debt collector and the debtor. It states that within five days after the initial conversation between the debt collector and the debtor, the debt collector must send the consumer/debtor a written notice which contains:

    A) the amount of the debt;

    B) the creditor to whom the debt is owed;

    C) a statement that unless the consumer disputes the validity of the debt within 30 days, the debt will be assumed to be assumed valid by the debt collector;

    D) a further statement that if the consumer/debtor disputes the debts within the 30 day time period, the debt collector will obtain verification of the debt or

        judgement and a copy of that verification or judgement will be mailed to the consumer/debtor by the debt collector; and

E)    a statement that upon the consumers written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. In the case at bar Defendant failed to send such notice to Plaintiff and others similarly situated as aforesaid in letters mailed to consumer debtors.

### III.

Plaintiff seeks certification of a class consisting of all persons who satisfy the following criteria:

1.    This action is brought as a class action. Plaintiffs define the class as (i) all persons with addresses within the state of Mississippi (ii) who were sent letters identical or similar from Defendant in the form of <u>Exhibit A</u> attached hereto, in violation of the Fair Debt Collection Act §1692g, to recover a debt allegedly owed by said consumers which was not returned undeliverable by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through 21 days after the filing of this Class Action Complaint.

### IV.

All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil procedure have been met:

a.    The class is so numerous that joinder of all members is impracticable.

b.    There are questions of law and fact common to the entire class. These common questions predominate over any questions affecting only individual members of the class.

c.    The claims of Plaintiff as representative party is typical of the claims of the class.

d.    There are no individual questions, other than whether a class member was sent a

      letters identical or similar in the form of <u>Exhibit A</u>, which can be determined by ministerial inspection of Defendant's records.

e.     Plaintiff will fairly and adequately protect the interests of the class.

f.     Plaintiff have retained counsel experienced in handling class claims and claims involving unlawful collection practices.

g.     The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendant's letter identical or similar in the form of <u>Exhibit A</u> violates the FDCPA, 15 U.S.C. §1692 *et seq.*

h.     Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

i.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions.

**THEREFORE, PREMISES CONSIDERED**, Plaintiff moves this Court for an order certifying this case to a class action, directing notice to the class and appointing plaintiff's attorney as class counsel.

Respectfully submitted this the 17th day of May, 2022.

                                            */s/ W. Howard Gunn*
                                            **W. HOWARD GUNN**
                                            **ATTORNEY FOR PLAINTIFF**

**W. HOWARD GUNN**
**ATTORNEY AT LAW**
**POST OFFICE BOX 157**
**310 SOUTH HICKORY STREET**
**ABERDEEN MS 39730**
**662/369-8533**
**MSB NO. 5073**

## CERTIFICATE OF SERVICE

I, W. Howard Gunn, attorney for Plaintiff, do hereby certify that a true and complete copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

This the 17th day of May, 2022.

                                                    */s/ W. Howard Gunn*
                                                    **W. HOWARD GUNN**
                                                    **ATTORNEY FOR PLAINTIFF**