IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MELINDA McALLISTER
*On Behalf of Herself and All*
*Others Similarly Situated*                                                         PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:22-CV-41-SA-DAS

LAKE CITY CREDIT, LLC                                            DEFENDANT

ORDER

On March 8, 2022, Melinda McAllister, on behalf of herself and all others similarly situated, initiated this action by filing her Class Action Complaint [1] against Lake City Credit. Now before the Court is McAllister's Motion to Certify Class [9], which she filed on May 19, 2022.

*Background*

This civil action arises from purported violations of the Fair Debt Collection Practices Act ("FDCPA").

According to McAllister's Class Action Complaint [1], Lake City Credit is a "debt collector" as that term is defined by the FDCPA. McAllister contends that Lake City Credit purchased debt from an entity named Fingerhut. McAllister "allegedly owed Fingerhut an outstanding balance on an account that was supposedly active from 2008 through 2015. . . [McAllister] disputed owing such balance as she never opened said account with Fingerhut." [1] at p. 2.

McAllister contends that Lake City Credit then began sending her letters which ran afoul of the FDCPA. She attached to her Complaint [1] two letters, which were dated November 29, 2021 and December 28, 2021 respectively. Asserting that the letters violate the FDCPA, McAllister alleges:

> To prevent the debt collector from assuming a debt is valid, the FDCPA only requires the consumer to dispute the debt – orally [or] in writing. 15 U.S.C. § 1692g(a)(3). However, Defendant's use of its aforesaid form letters, represented here by Exhibit A, eliminates the consumer's statutory right to dispute the debt orally or in writing.
>
> . . .
>
> § 1692g regulates the actual communication between the debt collector and the debtor. It states that within five days after the initial conversation between the debt collector and the debtor, the debt collector must send the consumer/debtor a written notice which contains:
>
> > A) the amount of the debt;
> >
> > B) the creditor to whom the debt is owed;
> >
> > C) a statement that unless the consumer disputes the validity of the debt within 30 days, the debt will be assumed to be assumed [sic] valid by the debt collector;
> >
> > D) a further statement that if the consumer/debtor disputes the debts within the 30 day time period, the debt collector will obtain verification of the debt or judgement [sic] and a copy of that verification or judgement [sic] will be mailed to the consumer/debtor by the debt collector; and
> >
> > E) a statement that upon the consumers [sic] written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. *In the case at bar Defendant failed to send such notice to Plaintiff and others similarly situated as aforesaid in letters mailed to consumer debtors*.

[1] at p. 3-4 (emphasis added).

As these allegations make clear, McAllister's contention is that Lake City Credit's form letters, which are sent to consumers across the State, fail to comply with the FDCPA's notice requirement. After initiating this lawsuit, McAllister filed a Proof of Service [3] indicating that she had completed service of process on Lake City Credit by serving Corporation Service Company

2

(Lake City Credit's registered agent) on March 16, 2022. When Lake City Credit failed to file an answer or otherwise respond within the allotted time, McAllister filed a Motion for Entry of Default [4] on April 11, 2022. The Clerk of Court entered default against Lake City Credit the next day. *See* [5]. McAllister then filed the present Motion [9] requesting class certification.

*Analysis and Discussion*

As an initial matter, the Court notes the peculiar circumstances of this case considering that Lake City Credit is currently in default. Considering a class certification request under similar circumstances, the District Court for the Northern District of Ohio held:

> A clerk's entry of default does *not* change the analysis that a district court must undertake in deciding whether to certify a class *because any other conclusion might give defendants an incentive to default in situations where class certification seems likely*. To that end, certification under Rule 23 remains a procedural requirement for a class to recover damages. A court may therefore only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been met.

*Lehman v. Calls After Hours, LLC*, 2019 WL 8405591, at *1 (N.D. Ohio Aug. 16, 2019) (quoting *Saade v. Insel Air.*, 2019 WL 2255580, at *2 (Apr. 4, 2019) (report and recommendation ultimately adopted in full at 2019 WL 9093468 (S.D. Fla. July 16, 2019)) (emphasis added); *see also Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014) (citing *Leider v. Falfe*, 2003 WL 24571746, at *8-13 (S.D. N.Y. Mar. 4, 2003)) ("[I]n cases where a defendant failed to appear, an entry of default by the clerk of the court has not prevented district courts from considering whether to certify a class prior to the entry of a default judgment against a defendant.").

The Court agrees with this logic. To hold otherwise could essentially allow a defendant to circumvent a potential class action simply by failing to participate in the legal process—a rationale this Court cannot support. Consequently, the Court will apply Rule 23 to determine whether a class should be certified.

Rule 23 of the Federal Rules of Civil Procedure governs class actions. *See* FED. R. CIV. P. 23. Although a district court has "wide discretion" in determining whether to certify a class, the "district court must rigorously analyze Rule 23's prerequisites before certifying a class." *Haley v. Merial, Ltd.*, 292 F.R.D. 339, 346 (N.D. Miss. 2013) (citations omitted).

"To obtain class certification, parties must satisfy Rule 23(a)'s four threshold requirements, as well as the requirements of Rule 23(b)(1), (2), or (3)." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012) (quoting *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007)) (additional citation omitted). The party seeking certification bears the burden of proof to establish that the proposed class satisfies Rule 23's requirements. *Id.* (citing *McManus v. Fleetwood Enters., Inc.*, 320 F.3d 545, 548 (5th Cir. 2003)); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.") (emphasis in original).

The Rule 23(a) requirements are:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*Perry*, 675 F.3d at 837.

The Court first notes McAllister's definition of the proposed class, which includes:

> (i) all persons with addresses within the state of Mississippi (ii) who were sent a letter from defendant in the form of [the attached letters] or similar thereto with Notice violations under the FDCPA as alleged herein to recover a debt allegedly owed which was not returned undeliverable by the United States Postal Service during

>  the period of time one-year prior to the filing of this Complaint
> through 21 days after the filing of this Class Action Complaint.

[1] at p. 4.

In light of this definition of the proposed class, the Court turns to each of the Rule 23(a) requirements.

    I.    *Rule 23(a) Requirements*

As noted above, "[t]he first requirement of Rule 23(a) is that the class must be so numerous that joinder of all members is impracticable." *Haley*, 292 F.R.D. at 346. "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Id*. (quoting *Gen. Tel. Co. v. N.W., Inc. v. EEOC*, 446 U.S. 318, 330, 100 S. Ct. 1698, 64 L. Ed. 2d 319 (1980)). "The focus under Rule 23(a) is 'whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors.'" *Mitchell v. State Farm Fire and Cas. Co.*, 327 F. R. D. 552, 561 (N.D. Miss. 2018) (quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981)). "Relevant factors to consider when deciding whether joinder is impracticable include the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Id*. (citing *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999)).

Considering the specific facts of this case, McAllister alleges that Lake City Credit has a standard practice of mailing a series of letters of this nature to consumers who allegedly owe debt (without providing said consumers written notice of their right to dispute the debt). Said consumers are located throughout the State of Mississippi. Considering McAllister's allegations that consumers across the State received similar unlawful letters, the Court finds that the numerosity requirement is satisfied.

Next, there must be "questions of law or fact common to the class." *Id*. (citing FED. R. CIV. P. 23(a)(2)). "To satisfy this requirement the claims of every class member must 'depend upon a common contention.' The common contention 'must be of such a nature that it is capable of class-wide resolution—which means the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id*. (quoting *Dukes*, 564 U.S. at 350).

The Court has no trouble finding this requirement satisfied. McAllister contends that all class members received letters nearly identical to the letters she received. The contention—that the class members received letters which failed to comply with the written notice requirement—is easily capable of class-wide resolution.

The next requirement is typicality. "The test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Id*. (quoting *Mullen*, 186 F.3d at 625; *Lightbourn v. Cnty. of El Paso, Tex.*, 118 F.3d 421 (5th Cir. 1997)) (internal quotation marks omitted).

For essentially the same reasons noted above in connection with the "commonality" requirement, the Court also finds this requirement satisfied. McAllister's theory is identical to that of the claims of the purported class members—in particular, that Lake City Credit failed to comply with the FDCPA's written notice requirement. As stated by McAllister, "[a]ll class members' claims arise from the same practice of Defendant which gave rise to the named Plaintiff's claims." [10] at p. 7. This requirement is satisfied.

The last Rule 23(a) requirement mandates that the named plaintiff fairly and adequately protect the interests of the class. "A class representative must be 'part of the class and possess the same interest and suffer the same injury as the class members.'" *Mitchell*, 327 F.R.D. at 562

(quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)). This Court has previously explained that "the adequate representation requirement is satisfied if (1) the proposed representative has common interests with the unnamed members of the class; and (2) it appears that the proposed representative will vigorously prosecute the interests of the class through qualified counsel." *Haley*, 292 F.R.D. at 349 (citations omitted). The adequacy of representation requirement is critical "[b]ecause absent class members will be bound by the judgment in a class action lawsuit[.]" *Id*.

This requirement is satisfied. The Court finds that McAllister has the same alleged interest and suffered a similar purported injury to the remaining members of the proposed class. As the Class Action Complaint [1] makes clear, the purported injury is largely statutory in nature and based upon the same conduct of Lake City Credit. Furthermore, McAllister's counsel is an experienced litigator with whom this Court is familiar. He has been involved in previous class action litigation before this Court, as evidenced by his affidavit. *See* [9], Ex. 3. This Court believes he will work to adequately protect the interests of all class members.

For these reasons, the Court finds that each of Rule 23(a) prerequisites to class certification are satisfied.

    II.    *Rule 23(b) Requirement*

In addition to Rule 23(a)'s four requirements, McAllister must also satisfy the requirements of Rule 23(b)(1), (2), *or* (3). *Perry*, 675 F.3d at 837. McAllister contends that Rule 23(b)(3) is applicable here. That Rule provides:

> **(b)**   **Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:
>
> . . .

  **(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

    **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;

    **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;

    **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    **(D)** the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3).

  Many of these factors overlap with the Court's findings above. First, the Court notes that it is unaware of any independent litigation already initiated as to Lake City Credit's practices at issue here. Furthermore, even if such independent litigation has been commenced, considering the specific facts of this case, the Court believes that it should not preclude class certification here. The Court also finds concentration of this litigation to be desirable, as it would potentially streamline many claims arising from Lake City Credit's purportedly unlawful conduct. The Court additionally foresees no major difficulties in managing a class action in this proceeding, considering the straightforward nature of the litigation.

  Ultimately, considering the nature of the claims at issue, the Court finds that a class action is superior to other available methods for fairly and efficiently adjudicating these claims. Rule 23(b)(3) is satisfied.

### III.    Notice

In her Motion [9], McAllister requests that the Court "direct[] notice to the class." However, she does not address notice whatsoever in her supporting Memorandum [10]. Rule 23(c)(2) states that, for classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B).

Because McAllister did not address in detail the type of notice which she believes is appropriate in this case, the Court will not decide that issue at this time. Instead, the Court directs McAllister to file a separate Memorandum regarding notice and, more particularly, the type of notice she contends is appropriate under the circumstances of this case.

### Conclusion

For the reasons set forth above, McAllister's Motion [9] is GRANTED. McAllister's counsel, W. Howard Gunn, Esq., is appointed as class counsel. The Court will take up the notice issue after McAllister makes a separate filing regarding the same.

SO ORDERED, this the 25th day of October, 2022.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE