# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**MELINDA MCALLISTER,**                                                             **PLAINTIFF**
**on Behalf of herself, and Others Similarly Situated**

**v.**                                                          **CAUSE NO.: 1:22-cv-41-SA-DAS**

**LAKE CITY CREDIT, LLC**                                                **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND GENERAL RELEASE

This matter is brought before the Court on joint motion of the plaintiffs and defendant, Lake City Credit, to approve settlement agreement entered into between parties with an accompanying release of claims by the Settlement Class as defined herein and in the Settlement Agreement and General Release. In support of this motion parties say as follows:

### INTRODUCTION

1. The parties negotiated in good faith and in arm's length negotiations conducted a telephonic settlement conference before Honorable David A. Sanders, United States Magistrate Judge on February 13, 2024.

2. Pursuant to the terms of the settlement agreement reached between the parties, Lake City Credit, LLC agreed to pay the total sum of fourteen thousand dollars ($8,000.00

to the plaintiffs and $6,000 as attorney's fees to Class Counsel). Said amount to be paid in full within seven (7) months of the order approving Class Settlement. Said amount to be paid at $2,000 per month tendered to Class Counsel beginning on the thirtieth day after said Order. Said payments shall continue to be made on the same date of each month thereafter until paid in full.

3. In consideration for the payment of the sums referenced herein to the plaintiff as defined in the Settlement Agreement and General Release, the Plaintiffs shall release all claims against Lake City Credit, LLC for alleged violations of the Fair Debt Collection Practices Act.

4. As will be set out further hereinbelow, there exists a true "bona fide dispute" as to plaintiffs' claims. Plaintiffs have obtained a Default against Defendant regarding such Class. However, on a hearing regarding damages, disputes would be had regarding whether or not class members fit all parameters of the class definition, "i.e.", whether Defendant actually failed to give them proper notice to dispute attempted debt collection as defined in the definition of class.

## FACTUAL SUMMARY

5. The named Plaintiff, on behalf of herself and a putative class of similarly situated participants, filed this action against Lake City Credit, LLC seeking damages on behalf of herself and all other similarly situated individuals pursuant to fair Debt Collection Practices Act for Defendant's failure to give proper notice of right to dispute a debt in it's collection action.

6. Default Judgment was entered against Lake City Credit, LLC on April 12, 2022.

7. Investigation conducted immediately after the filing of the complaint was directed principally to considerations, related to whether the plaintiff should be entitled to certify a class. Following that initial course of investigation, the Court entered an order on October 25, 2022, certifying a class in this action as follows:

> (i) all persons with addresses within the state of Mississippi (ii) who were sent a letter from defendant in the form of [the attached letters] or similar thereto with Notice violations under the FDCPA as alleged herein to recover a debt allegedly owed which was not returned undeliverable by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through 21 days after the filing of this Class Action Complaint.

DOC #:11

8. Upon reviewing documentary proof received from Defendant of the names and addresses of potential class members and pursuant to court order, the plaintiff mailed a notice to each prospective class member advising them of their right to opt out of this action, with a deadline for submission to opt out to be no later than November 14, 2023. See Exhibit "A" attached hereto.

9. Notice was forwarded by Plaintiff's counsel to seven (7) potential class members from aforesaid documents tendered by Defendant. No potential plaintiff opted out of said class and only one (1) notice was returned as undelivered.

10. Hence, the Class consist of the named Plaintiff and six other class members.

## BONA FIDE DISPUTE/FAIR AND REASONABLE SETTLEMENT

11. To evaluate approval of a Fair Labor Standards Act settlement, the district court should evaluate whether it is a fair and reasonable resolution of a bona fide dispute. *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir.

1947).

12. The United States Court of Appeals for the Fifth Circuit has stated that the determination of the fairness of a settlement agreement is left to the sound discretion of the trial court, and an appellate court will not overturn the trial court's decision absent a clear showing of abuse of that discretion. *Miller v. Republic National Lift Ins. Co.,* 559 F.2d 426, 429 (5th Cir. 1977). The Fifth Circuit has held repeatedly that settlements, "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller,* 559 F.2d at 428. The touchstone for approval of a class action settlement is a determination that it is fair, adequate, and reasonable. In evaluating a class action settlement for approval, the court determines whether the proposed settlement disclosures grounds to doubt its fairness or other deficiencies such as unduly preferential treatment of the class representative or segments of the class, or excessive compensation of attorneys, and whether the class recovery appears to fall within the range of reasonableness, given the merits of the claim and potential damages. See *Cope v. Duggins,* 203 F. Supp. 2d 650 (2002). Also see, *Reed v. General Motors Corp.,* 703 F2d 170, 172 (5th cir. 1983).

13. The Fifth Circuit has held further that there is a "strong presumption" in favor of finding that settlement reached after arms length negotiations is fair. *Cotton v. Hinton,* 559 F.2d 1326, 1331(5` Cir. 1997).

14. Courts typically consider a number of factors in evaluating the fairness of a proposed settlement, including the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the extent of discovery

completed; the stage of the proceeding; and experience and views of counsel. *See, Torrisi v. Tucson Elec. Power Co.* 8 F.3d 1370, 1375 (9th Cir. 1993).

15. After the deadline for eligible class members to opt out of this action had expired, the plaintiff's counsel in negation with defendant through it's agent, Gary Williky, defendant's liquidity as a company was found to be questionable. Consistent therewith, defendant did not have sufficient funds to retain counsel in this matter. Hence, Default was entered. Furthermore, through information received from Defendant, documents and verbal, there are only six potential class members, some of which may not meet the parameters of the class definition on a hearing regarding damages on default. Furthermore, class members will receive pursuant to settlement the sum of $1,000.00 each, the amount which they would be entitled under the Fair Debt Collection Practices Act, if they prevail at trial.

16. For reasons set out hereinabove a bona fide dispute exists as to the validity of amount plaintiffs' damage and liability of defendant regarding settlement class.

17. If this case proceeds to hearing on damages, there is a reasonable likelihood of the Class plaintiffs receiving nothing, resulting in no award of damages, other than to the representative plaintiff.

18. The settlement reached at settlement conference with Judge Sanders was undertaken only after investigation and receipt of discoverable information voluntarily tendered Class Counsel by Defendant. Such information, orally and documentary allowed counsel to evaluate the recovery of plaintiffs and potential exposure of Defendant, Lake City Credit, LLC.

19.   For the reasons set out herein, the parties submit that it is evident that a bona fide dispute exists as to the class plaintiffs' claims of liability asserted against Lake City Credit, LLC, and that a bona fide dispute exists as to the potential exposure of Lake City Credit, LLC in the event of a hearing on damages. Furthermore, the allowance of Defendant to pay the settlement amount is reasonable as Defendant, based on the above findings, does not have sufficient funds to pay said settlement amount in a lump sum. For those reasons, the parties submit that the settlement contemplated herein is fair and reasonable.

## SETTLEMENT CLASS

20.   On May 19, 2022, the plaintiff filed a Motion for Class Certification [Doc #: 9].

21.   The Court entered an Order Granting Class Certification. The Court certified the class by that order on October 25, 2022, as follows:

> (i) all persons with addresses within the state of Mississippi (ii) who were sent a letter from defendant in the form of [the attached letters] or similar thereto with Notice violations under the FDCPA as alleged herein to recover a debt allegedly owed which was not returned undeliverable by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through 21 days after the filing of this Class Action Complaint.

## MECHANICS OF SETTLEMENT

22.   The named Plaintiff, Melinda McAllister should be appointed as the "Class Representatives" and Honorable W. Howard Gunn should be appointed as "Class Counsel". The parties submit that said Melinda McAllister, as a "Class Representative" is entitled to an enhancement award to compensate her for the time and effort expended in representing the Settlement Class during this action. Class representative, Melinda

McAllister assisted Class Counsel and his staff in providing background information related to the claims asserted in this action throughout the course of this litigation. For these reasons, an incentive award of $2,000.00 should be made to Class Representative.

23. It is proposed that within seven (7) months of the entry of a final order approving this settlement, Lake City Credit, LLC shall fund the settlement by making a total payment of fourteen thousand dollars ($14,000.00), to be paid as follows:

    a) $6,000.00 to W. Howard Gunn as Class Counsel inclusive of attorney's fees and expenses;

    b) $2,000.00 to the Class Representatives, Melinda McAllister in the form of a Class Representative Incentive Award;

    c) $1,000.00 each to Class Members, Jennifer King, Brain Wagner, Nidia Huggins, Latoya Sellers, Brenda Leach, Brenda Douglas

    d) Said amount to be paid in full within seven (7) months of the order approving Class Settlement. Said amount to be paid $2,000 payments per month tendered to Class Counsel beginning on the thirtieth day after said Order. Said payments shall continue to be made on the same date of each month thereafter until paid in full.

## FURTHER NOTICE UNNECESSARY

24. Since the Court has issued an order finally certifying the definition of the class of plaintiffs to this action and has entered an order enumerating and identifying each member of the final class of plaintiffs in this action, and since each member of the final class, which is identical to the Settlement Class as defined herein, are already parties to this action and accordingly represented by Class Counsel, who had full authority to act on their behalf and represent their interests in the settlement conference with Magistrate Judge Sanders and to approve the terms and conditions of this Settlement Agreement, further or additional notice to class members should be unnecessary.

## CONCLUSION

25. The parties submit to the Court that a bona fide dispute exists both as to the validity of claims asserted by the class plaintiffs herein and as to the potential exposure to Lake City Credit, LLC in the event of an adverse verdict; that a settlement agreement was reached after extensive arms-length negotiations between the parties; and the settlement will resolve all issues in this matter and avoid further protracted, expensive and unpredictable litigation.

The parties accordingly ask the Court to enter an order providing as follows:

1. Approval of the proposed settlement as set forth in the Settlement Agreement and General Release as fair and reasonable and in the best interests of the plaintiffs and Settlement Class. See Exhibit "B" attached hereto.

2. Authorizing the Settlement Class, through the appointed Class Representatives and appointed Class Counsel, upon Defendant's payment in full settlement amount agreed upon herein, to release all claims of the Settlement Class against Lake City Credit and other releases for alleged violations of the Fair Debt Collection and Practices Act and otherwise as set out in the Settlement Agreement and General Release as attached hereto; and

3. Upon disbursement of the settlement funds as tendered to Class Counsel and members of the Settlement Class, to dismiss this action with prejudice.

Respectfully submitted this the \_\_11th day of March, 2024.

/s/ W. Howard Gunn
**W. HOWARD GUNN**
**ATTORNEY FOR PLAINTIFF**

**AGREED TO BY:**

*[signature]* 3/8/24

**LAKE CITY CREDIT, LLC**
**DEFENDANT, BY IT'S**
**AUTHORIZED AGENT,**
**GARY WILLIKY**

**W. HOWARD GUNN**
**ATTORNEY AT LAW**
**POST OFFICE BOX 157**
**310 SOUTH HICKORY STREET**
**ABERDEEN MS 39730**
**662/369-8533**
**MSB NO. 5073**
**WHGUNN@BELLSOUTH.NET**