IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MELINDA McALLISTER
*On Behalf of Herself and All Others Similarly Situated* PLAINTIFF

v. CIVIL ACTION NO. 1:22-CV-41-SA-DAS

LAKE CITY CREDIT, LLC DEFENDANT

ORDER

On March 8, 2022, Melinda McAllister, on behalf of herself and all others similarly situated, initiated this civil action by filing her Class Action Complaint [1] against Lake City Credit. On October 25, 2022, the Court granted McAllister's request for class certification. Now before the Court is the parties' Joint Motion for Settlement Approval [32].

*Relevant Background*

This civil action arose from purported violations of the Fair Debt Collection Practices Act ("FDCPA").

According to McAllister's Class Action Complaint [1], Lake City Credit is a "debt collector" as that term is defined by the FDCPA. McAllister contends that Lake City Credit purchased debt from an entity named Fingerhut. McAllister "allegedly owed Fingerhut an outstanding balance on an account that was supposedly active from 2008 through 2015. . . [McAllister] disputed owing such balance as she never opened said account with Fingerhut." [1] at p. 2.

McAllister alleged that Lake City Credit then began sending her letters which ran afoul of the FDCPA. She attached to her Complaint [1] two letters, which were dated November 29, 2021 and December 28, 2021 respectively. Asserting that the letters violated the FDCPA, McAllister alleged:

> To prevent the debt collector from assuming a debt is valid, the FDCPA only requires the consumer to dispute the debt – orally [or] in writing. 15 U.S.C. § 1692g(a)(3). However, Defendant's use of its aforesaid form letters, represented here by Exhibit A, eliminates the consumer's statutory right to dispute the debt orally or in writing.
>
> . . .
>
> § 1692g regulates the actual communication between the debt collector and the debtor. It states that within five days after the initial conversation between the debt collector and the debtor, the debt collector must send the consumer/debtor a written notice which contains:
>
> A) the amount of the debt;
>
> B) the creditor to whom the debt is owed;
>
> C) a statement that unless the consumer disputes the validity of the debt within 30 days, the debt will be assumed to be assumed [sic] valid by the debt collector;
>
> D) a further statement that if the consumer/debtor disputes the debts within the 30 day time period, the debt collector will obtain verification of the debt or judgement [sic] and a copy of that verification or judgement [sic] will be mailed to the consumer/debtor by the debt collector; and
>
> E) a statement that upon the consumers [sic] written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. *In the case at bar Defendant failed to send such notice to Plaintiff and others similarly situated as aforesaid in letters mailed to consumer debtors*.

[1] at p. 3-4 (emphasis added).

McAllister completed service of process on Lake City Credit on March 16, 2022. *See* [3]. However, Lake City Credit did not respond, and the Clerk entered default against it. *See* [5]. McAllister then sought class certification. On October 25, 2022, the Court entered an Order [11] analyzing the pertinent Rule 23 standard and ultimately certifying the class. The Court did so

despite the fact that Lake City Credit was in default at the time and, in the Order [11], provided its underlying rationale for doing so.

Although Lake City Credit remains in default, a corporate representative for the entity appeared at a settlement conference that Magistrate Judge Sanders convened on February 13, 2024. *See* [31]. At that conference, the parties reached a settlement subject to the undersigned's approval.

The present Motion [32] seeks such approval. An executed general release is attached to the Motion [32]. *See* [32], Ex. 2. As articulated in the Joint Motion [32], the general terms of the settlement between the seven class members and Lake City Credit are as follows:

> Pursuant to the terms of the settlement agreement reached between the parties, Lake City Credit, LLC agreed to pay the total sum of fourteen thousand dollars ($8,000.00 to the plaintiffs and $6,000 as attorney's fees to Class Counsel). Said amount to be paid in full within seven (7) months of the order approval Class Settlement. Said amount to be paid at $2,000 per month tendered to Class Counsel beginning on the thirtieth day after said Order. Said payments shall continue to be made on the same date of each month thereafter until paid in full.

[32] at p. 1-2.

*Analysis and Discussion*

Pursuant to Rule 23(e), the claims of a certified class may be settled only with final court approval. FED. R. CIV. P. 23(e); *see also Cope v. Duggins*, 203 F. Supp. 2d 650, 653 (E.D. La. 2002). Ultimately, the Court may approve a settlement "only on [a] finding that it is fair, reasonable, and adequate[.]" *Id*. at 23(e)(2). The Rule also sets forth considerations for the reviewing court to take into account, including whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:

> (i) the costs, risks, and delay or trial and appeal;
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

*Id*.

The Court finds that these considerations favor settlement approval here.

First, the class representative and class counsel have adequately represented the class. As articulated in the Joint Motion [32], class counsel received from Lake City Credit documentary proof containing the names and addresses of potential class members. Pursuant to this Court's directive, class counsel mailed a notice to each prospective class member advising them of their ability to opt in to this lawsuit. The parties represent to the Court that "[n]otice was forwarded by Plaintiff's counsel to seven (7) potential class members from aforesaid documents tendered by Defendant. No potential plaintiff opted out of said class and only one (1) notice was returned as undelivered." [32] at p. 3. Since identifying the class, class counsel has worked diligently to obtain relief for the class members. In particular, class counsel became aware that Lake City Credit's "liquidity as a company was . . . questionable" and thereafter engaged in meaningful settlement negotiations, with the assistance of Magistrate Judge Sanders, in an attempt to obtain some relief for class members.

Second, it is clear that this settlement was negotiated at arms' length. Magistrate Judge Sanders facilitated a settlement conference between the parties and ultimately assisted in reaching the tentative settlement.

The Court also finds that the relief provided for the class is adequate. The largest consideration driving this conclusion is the lack of financial certainty of Lake City Credit. The parties and Magistrate Judge Sanders, aware of this issue, reached this tentative resolution in an attempt to prevent the class members from being left without any relief. The Court additionally notes that the settlement at this early stage in the proceedings prevents the parties from engaging in litigation and incurring costs associated therewith.

Finally, the proposed settlement treats class members equitably relative to each other—all class members will receive $1,000 except for the class representative (Melinda McAllister) who will receive $2,000 in recognition of her additional efforts associated with the case. This is equitable.

Ultimately, the Court has considered the parties' proposed settlement and finds it to be fair and reasonable. It will be approved.

*Conclusion*

For the reasons set forth above, the Joint Motion [32] is GRANTED. The parties shall proceed with the settlement, as agreed upon and as set forth in the general release.

This CASE is hereby CLOSED with all claims being dismissed *without prejudice*. Upon receipt of the final payment, class counsel shall notify the Court so that a final judgment dismissing all claims *with prejudice* may be entered.

SO ORDERED, this the 10th day of December, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE